UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20529-GAYLES

UNITED STATES OF AMERICA

v.

JESUS GABRIEL RODRIGUEZ, JR.,

Defendant.

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture (the "Motion") [ECF No. 45] against Defendant Jesus Gabriel Rodriguez, Jr. (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds:

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 22, 2021, the United States charged the Defendant in the Information with aiding and abetting the entry of goods by means of false statements in violation of Title 18, United States Code, Section 542. The Information, ECF No. 18.  The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of Title 18, United States Code, Section 542, the Defendant shall forfeit any property constituting, or derived from, proceeds the Defendant obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(B). *See id.* at p. 2.

On January 24, 2022, the Court accepted the Defendant's guilty plea to the sole count of

the Information. *See* Minute Entry, ECF No. 32; Plea Agreement, ECF No. 34. As part of the guilty

plea, the Defendant agreed to a forfeiture money judgment in the amount of $276,817.00. Plea

Agreement, at ¶ 13.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found

that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No.

33. The Factual Proffer also provides a basis for the forfeiture of property. *See id.* at p. 3.

Between March 2015 and September 2016, Elemetal LLC ("NTR") imported thousands of

kilograms of gold worth more than $141 million into the United States from a company that was

located in the Cayman Islands (hereinafter "Company A"). Factual Proffer at p. 2.  In each instance,

the same gold was reported to U.S. Customs as having originated in Curacao and a few days later

reported to U.S. Customs as having originated in the Cayman Islands. *Id.* The Defendant, as CEO

of Transvalue, assisted NTR salespersons and Company A in deceiving U.S. Customs by

facilitating the movement of the gold through customs in Miami, Florida when it transited between

Curacao and Caymans and again when it arrived back in Miami from the Caymans. *Id.* The

Defendant also assisted the scheme by having Transvalue physically transport the gold from Miami

to NTR when it arrived from the Caymans. *Id.* The Defendant was aware that this gold had traveled

a tortured route and that the true origin of the gold, with U.S. Customs paperwork indicating the

gold's provenance as being the Cayman Islands, was being falsely reported. *Id.*

Though the transactions themselves did not immediately result in large profits for

Transvalue, they provided an opportunity for significant value to the company, which the

Defendant wanted to pursue as CEO. *Id.* at 2-3. There was a substantial financial benefit to

Transvalue in being a more significant actor in the Caribbean and South American gold

transportation market and capturing a larger share of that market – creating business opportunities

in other markets and strengthening Transvalue's relationship with NTR and Company A in the

Cayman Islands. *Id.* at 3. Indeed, over the time period that the transactions took place, Transvalue's

business grew, as did the Defendant's salary as CEO. The estimated increase in value to the

business as a result of this transaction is estimated to be at least $267,817[1]. *Id.*

Based on the record in this case, the total value of the gross proceeds traceable to the

offense of conviction is $276.817.00, which sum may be sought as a forfeiture money judgment

pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown,

the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to Title 18, United States Code, Section 982(a)(2)(B) and Rule 32.2 of the

Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $276.817.00

is hereby entered against the Defendant.

2.      The United States is authorized to conduct any discovery that might be necessary

to identify, locate, or dispose of forfeited property and to resolve any third-party petition, pursuant

to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and Title 21, United States

Code, Section 853(m).

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order

is final as to the Defendant.

4.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this

Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

---

[1] Due to a scrivener's error, the Factual Proffer incorrectly notes the amount of the forfeiture money judgment as $267,817.00. The correct amount is $276,817.00. *See* Plea Agreement, ECF No. 34.

this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

      **DONE AND ORDERED** in Miami, Florida, this 8th day of April 2022.

                              **DARRIN P. GAYLES**
                              **UNITED STATES DISTRICT JUDGE**